**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MARTIN FARMS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 3:05-cv-0188-RLY-WGH |
| ) | |
| PERDUE FARMS, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion to Compel Arbitration and Stay Proceedings**

This cause is before the court on the plaintiffs' complaint, on the defendant's answer, on the defendant's motion to compel arbitration and stay proceedings, on the plaintiff's response to such motion, and on the defendant's reply to the plaintiff's response.

Whereupon the court, having read and examined such pleadings, motion, response and reply, and being duly advised, now finds that the motion to compel arbitration and stay proceedings must be **granted.** This conclusion rests on the following facts and circumstances:

1. Plaintiffs Nancy F. Martin and Langston I. Martin (collectively "Martin Farms") entered into a contract (the "contract") with the defendant ("Perdue Farms"). This contract related to Martin Farms undertaking poultry operations in collaboration with Perdue Farms.

2. The contract contains an arbitration agreement, which provided that

> [a]ny dispute, controversy, disagreement or claim between or among the parties hereto, including but not limited to those arising out of or relating to this Agreement or any related agreements or instruments and including any claim based on or arising from an alleged tort, shall be determined by arbitration in accordance with Title 9 of the U.S. Code and the Commercial Arbitration Rules of the American Arbitration Association . . . .

3. The Federal Arbitration Act ("FAA"), enacted in 1925, provides that an arbitration clause "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Section 3 of the FAA provides, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit or proceeding is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The FAA's purpose is to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991). Thus, courts must give deference to the federal policy favoring arbitration and resolve ambiguities as to the scope of the arbitration clause in favor of arbitration. *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 115 S. Ct. 1212, 1218 (1995).

   4.   The FAA limits the role of courts to determine: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the specific dispute falls within the scope of the agreement. *John Hancock Mutual Life Ins. Co. v. Olick,* 151 F.3d 132, 136 (3d Cir. 1998). Perdue Farms has shown that Martin Farms has a contractual obligation to arbitrate the dispute underlying Martin Farms' claims in this lawsuit. Martin Farms opposes Perdue Farm's effort to enforce this arbitration provision, but offers its own economic, rather than legal, reasons why the arbitration agreement should not be enforced.

   5.   The last matter to be considered is whether the appropriate disposition of this matter is to dismiss the complaint or stay the proceeding in accordance with 9 U.S.C. § 3. Because all issues raised in this action must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties would be limited to a judicial review of the arbitrator's award. In *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), the Fifth Circuit explained that "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *See also e.g., Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *Hostmark Investors, Ltd. v. Geac Enterprise Solutions, Inc.*, 2002 WL 1732360 *3 (N.D.Ill. July 26, 2002) (dismissing complaint without prejudice where all issues were subject to arbitration); *Reineke v. Circuit City Stores, Inc.,* 2004 WL 442639*5 (N.D.Ill. Mar.8, 2004) (same). Martin Farms' claim in this case is subject to arbitration, and retaining jurisdiction and staying the action would serve no useful purpose. Consequently, rather than stay these proceedings pending arbitration, the action will be dismissed without prejudice, and judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

                                                    _____
                                                    RICHARD L. YOUNG, JUDGE
                                                    United States District Court
Date:     01/12/2006                                Southern District of Indiana